UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PERMAPOST PRODUCTS, INC.**, 4066 SE Tualatin Valley Hwy., Hillsboro, OR 97123; **TREATED WOOD COUNCIL**, 1101 K Street NW, Ste. 700, Washington, DC 20005; **J. H. BAXTER & CO.**, P.O. Box 5902, San Mateo, CA 94402-0902; **CONRAD FOREST PRODUCTS, INC.**, 68765 Wildwood Dr., North Bend, OR 97459; **WESTERN WOOD PRESERVERS INSTITUTE**, 7017 NE Hwy 99, Ste. 108, Vancouver, WA 98665; **WESTERN WOOD STRUCTURES, INC.,** 20675 SW 105th Ave., Tualatin, OR 97062; **RAILWAY TIE ASSOCIATION**, 115 Commerce Dr., Ste. C, Fayetteville, GA 30214; **SOUTHERN PRESSURE TREATERS' ASSOCIATION**, PO Box 1784, Starkville, MS 39760; and **CREOSOTE COUNCIL**, P.O. Box 160, Valencia, PA 16095<br>　　　　　　　　　　　　　Plaintiffs,<br>　　　　v.<br><br>**THE HONORABLE JOHN M. McHUGH**, Secretary of the Army, 101 Army Pentagon, Washington, DC 20310-0101; **U.S. ARMY CORPS OF ENGINEERS**, 441 G St. NW, Washington, DC 20314; **NATIONAL MARINE FISHERIES SERVICE,** 1315 East-West Highway, Silver Spring, MD 20910; and **PENNY S. PRITZKER**, Secretary of Commerce, 1401 Constitution Ave. NW, Washington DC 20230,<br>　　　　　　　　　　　　　Defendants | Civil No.  13-1736-CKK<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANTS' RELATED CASE DESIGNATION** |

## Introduction and Background

Defendants have filed a notice under LCvR 40.5(b)(3), designating a dismissed case, *Western Wood Products Institute v. McHugh*, No. 12-cv-1253-ESH, as a related case.  Under LCvR 40.5(a)(4) (the only potentially applicable related case rule), "cases ... shall be deemed related where a case is dismissed, with prejudice or without, and a second case is filed <u>involving the same parties</u>

Page 1 -   **PLAINTIFFS' OBJECTION TO DEFENDANTS' RELATED CASE DESIGNATION**

Mark C. Rutzick, Inc.
12402 Myra Virginia Ct
Oak Hill, Virginia 20171
Phone/Fax:  703-870-7347   ●   E-mail:  markrutzick@rutzick.com

and relating to the same subject matter." *Id*. (underlining added).

The determination of a related case issue is governed by LCvR 40.5(c)(2), which contemplates a two stage decision. The first step involves discretionary action by this Court: "Where the existence of related cases in this court is revealed after the cases are assigned, the judge having the later-numbered case <u>may transfer</u> that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case." If the Court transfers the case to the Calendar and Case Management Committee, then "[i]f the Calendar and Case Management Committee finds that good cause exists for the transfer, it shall assign the case to the judge having the earlier case." *Id*. Otherwise, the Committee "may return the case to the transferring judge." *Id*.

The rule does not state how the Court is to determine whether to transfer a case to the Calendar and Case Management Committee, but it seems reasonable to believe the Court should make an initial determination whether the case appears to be related to the designated related case.

**A.     This case and the *Western Wood Preservers Institute* case.**

1. The nine plaintiffs in this case are four manufacturers, sellers and users of pressure-treated wood, along with five national and regional trade associations representing manufacturers, distributors and suppliers of pressure-treated wood throughout the United States. Two of the individual companies, Permapost Products, Inc. and Conrad Forest Products, Inc., never had any connection to the *Western Wood Products Institute* case, and are completely new to the controversy. Two other plaintiffs, J. H. Baxter & Co., and Western Wood Structures, Inc., had tried to join the *Western Wood Products Institute* case as plaintiffs in a proposed amended complaint, but at Defendants' urging the Court refused to permit the filing of the amended complaint adding them to the case.

Plaintiffs assert claims against the U.S. Army Corps of Engineers (USACE) challenging five-year nationwide general permits USACE adopted in 2012 under the Clean Water Act, 33 U.S.C.

Page 2 -    **PLAINTIFFS' OBJECTION TO DEFENDANTS' RELATED CASE DESIGNATION**

Mark C. Rutzick, Inc.
12402 Myra Virginia Ct
Oak Hill, Virginia 20171
Phone/Fax: 703-870-7347   ●   E-mail: markrutzick@rutzick.com

§1344, for the discharge of dredged or fill material into the navigable waters of the United States. The case challenges USACE's approval of two separate "regional conditions" to these nationwide permits that were adopted for Alaska and Oregon, and which prohibit or restrict the use of treated wood in or over navigable waters of the United States in those areas. Relying on *Nat'l Ass'n of Home Builders v. U. S. Army Corps of Eng'rs,* 417 F.3d 1272 (D.C. Cir. 2005), which held that the USACE's nationwide general permits are a rule under the APA, requiring compliance with rulemaking procedures, Plaintiffs contend that the USACE regional conditions attached to the nationwide permits are likewise APA rules requiring compliance with rulemaking procedures – which did not occur here.

Plaintiffs also assert claims against USACE, defendant Penny S. Pritzker, Secretary of Commerce and defendant National Marine Fisheries Service (NMFS), an agency within the Commerce Department, under the Endangered Species Act (ESA), 16 U.S.C.§1536, and the APA concerning in the issuance of another set of USACE procedures and a NMFS biological opinion effectively barring treated wood from the market in Oregon for new recreational boat docks and for maintenance, repair or replacement of all existing in-water or overwater structures, where treated wood has been the dominant and preferred building material for decades.

2. In 2012, the five trade association plaintiffs had filed the *Western Wood Products Institute* case against Secretary McHugh, USACE and the Secretary of Commerce (but not NMFS) asserting similar claims against the same agency decisions. The case was assigned to Judge Huvelle.

In February 2013 Judge Huvelle dismissed all the claims in the complaint, <u>without prejudice</u>, for lack of Article III standing, holding that the complaint was defective because the complaint did not name any members of the plaintiff trade associations, and plaintiffs therefore had not shown injury in fact. *Western Wood Products Institute v. McHugh*, 925 F.Supp.2d 63 (D.D.C. Feb. 27, 2013). The Court also dismissed two claims, under the National Environmental Policy Act (NEPA),

Page 3 -   **PLAINTIFFS' OBJECTION TO DEFENDANTS' RELATED CASE DESIGNATION**

Mark C. Rutzick, Inc.
12402 Myra Virginia Ct
Oak Hill, Virginia 20171
Phone/Fax: 703-870-7347  ●  E-mail: markrutzick@rutzick.com

42 U.S.C. § 4332, <u>with prejudice</u> for lack of prudential standing.  Further, the Court also dismissed <u>with prejudice</u> two claims under the Regulatory Flexibility Act (RFA), 5 U.S.C. §§ 601 *et seq*. and part of a third, under the ESA.

WWPI then filed a motion for reconsideration and a motion for leave to file an amended complaint to cure the pleading deficiency identified by the Court, by adding two plaintiffs who were individual members of the trade associations, and identifying several other individual members of the trade associations.  Defendants opposed both motions.  ECF 23.  Judge Huvelle granted the motion for reconsideration in part, converting her prior dismissals of the two RFA claims and the ESA claim from "with prejudice" to "without prejudice."  *Western Wood Products Institute v. McHugh*, 2013 WL 3791477 (D.D.C. July 22, 2013).  With that ruling, only the original NEPA claims were dismissed with prejudice; all other claims were dismissed without prejudice.

However, Judge Huvelle denied WWPI's motion for leave to file an amended complaint. *Id*. at 6, 7, 10.  Instead, the Court instructed that "Plaintiffs must re-file the claim[s] in a new case with adequate allegations regarding the injuries suffered by their member firms." *Id*. at 10 (referring to ESA claim in particular).  At that point, the *Western Wood Products Institute* case was over.

## OBJECTION TO DEFENDANTS' RELATED CASE DESIGNATION

Obviously, Plaintiffs are well aware of the *Western Wood Products Institute* case that was dismissed in 2013 by Judge Huvelle.  Plaintiffs did not designate that dismissed case as a related case, and it is not a related case under the plain language of LCvR 40.5(a)(4), because this case does not "involv[e] the same parties" as *Western Wood Products Institute*.  This case involves four plaintiffs and one defendant who were not parties to *Western Wood Products Institute*.

Plaintiffs can not avoid pointing out the extreme irony of the federal government's position in this case.  In *Western Wood Products Institute* the government <u>opposed</u> Plaintiffs' attempt to file an amended complaint <u>with Judge Huvelle</u> to correct the pleading deficiency in its original

Page 4 -      **PLAINTIFFS' OBJECTION TO DEFENDANTS' RELATED CASE DESIGNATION**

Mark C. Rutzick, Inc.
12402 Myra Virginia Ct
Oak Hill, Virginia 20171
Phone/Fax:  703-870-7347  ●  E-mail:  markrutzick@rutzick.com

complaint.  Now, having put Plaintiffs to the cost and delay inherent in refiling a new case, the government wants the case transferred to Judge Huvelle.

Irony aside, the Could can not find that this case is related to *Western Wood Products Institute*.  The related case rule is an exception to "[t]he general rule governing all new cases filed in this courthouse [which] is that they are to be randomly assigned."  *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000).  "The fundamental rationale of random assignment is to ensure greater public confidence in the integrity of the judicial process by guaranteeing fair and equal distribution of cases to all judges, avoiding public perception or appearance of favoritism in assignments, and reducing opportunities for judge-shopping."  *U.S. v. Volvo Const. Equipment AB*, 922 F.Supp.2d 67, 68 (D.D.C. 2013).

As a result, it is well-established that "[t]he party requesting related-case designation and seeking to avoid random assignment bears the burden of showing that the cases are related under a provision of Local Civil Rule 40.5."  *Id.*  (underlining added), *quoting Autumn Journey Hospice, Inc. v. Sebelius*, 753 F.Supp.2d 135, 140 (D.D.C.2010) (*citing Judicial Watch, Inc. v. Rossotti*, 2002 WL 31100839, at *1 (D.D.C. 2002)); *Dale v. Exec. Off. of the Pres.*, 121 F.Supp.2d 35 (D.D.C.2000).  The government has not carried its burden here.

In *Judicial Watch, Inc. v. Rossotti*, 2002 WL 31100839 (D.D.C. 2002), the plaintiff in an earlier dismissed case refiled the same claims, naming some different federal officials and offices than in the earlier complaint, and designated the dismissed case as related.  The Court found that the case was not related because the defendants were not "identical" to the defendants in the earlier case (although all of them were represented by the Department of Justice).  "Because the prior case has already been dismissed, in order for plaintiff to claim that the instant case is related the identities of the parties must be identical."  *Id*. *1.  A later-filed case is related to a dismissed case only if the later case involves "identical parties, not parties in interest."  *Thomas v. Nat'l Football League Players*

Page 5 -   **PLAINTIFFS' OBJECTION TO DEFENDANTS' RELATED CASE DESIGNATION**

Mark C. Rutzick, Inc.
12402 Myra Virginia Ct
Oak Hill, Virginia 20171
Phone/Fax:  703-870-7347  ●  E-mail:  markrutzick@rutzick.com

*Assoc.*, 1992 WL 43121 (D.D.C. Feb. 18, 1992); *Dale*, 121 F. Supp. 2d at 37 (*quoting Thomas*).

Against this unbroken line of precedent requiring "identical" parties in both cases, the government merely suggests, citing no authority, that "'identical' cannot be taken to mean 'exact same number' of parties," Related Case Legal Brief at 8, n. 4, and therefore the 13 parties in this case are "identical" to the eight parties in *Western Wood Preservers Institute*. *Id.* Yet the dictionary meaning of "identical" is "similar in every detail; exactly alike." Oxford English Dictionary of American English (accessed 1/13/2014). A match of eight out of 13 is not "identical" under any imaginable use of that term.

This case does not involve the "same parties" as *Western Wood Preservers Institute*, and therefore that case is not a related case under LCvR 40.5(a)(4) .

Dated this 13th day of January, 2014.

By:     /s/ Mark C. Rutzick
Mark C. Rutzick, D.C. Bar No. 979547
markrutzick@rutzick.com
Mark C. Rutzick, Inc.
12402 Myra Virginia Ct.
Oak Hill, VA 20171
Telephone/Facsimile: (703) 870-7347
Attorney for Plaintiffs

Page 6 -     **PLAINTIFFS' OBJECTION TO DEFENDANTS' RELATED CASE DESIGNATION**