## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| PERMAPOST PRODUCTS, INC., *et al.*, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Civil Case No. 1:13-cv-01736 (ESH) |
|  | ) |
| THE HONORABLE JOHN M. McHUGH, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

_____)

## DEFENDANTS' ANSWER TO PLAINTIFFS'
## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants (John M. McHugh, in his official capacity as Secretary of the Army, U.S. Army Corps of Engineers, National Marine Fisheries Service, and Penny S. Pitzker, in her official capacity as Secretary of the Department of Commerce), by and through counsel, in response to the like-numbered paragraphs of "Plaintiffs' Complaint for Declaratory and Injunctive Relief" to the United States District Court for the District of Columbia, hereby respond, state, and aver as follows:

### INTRODUCTION

1.     Defendants lack sufficient knowledge to admit or deny the allegations contained in the first sentence of Paragraph 1, and the allegations are therefore denied.  The allegations contained in the second, fourth, and fifth sentences of Paragraph 1 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations.  Defendants admit the allegations contained in the third sentence of Paragraph 1.

2.      The allegations contained in Paragraph 2 constitute Plaintiffs' characterization of their case and legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations.

## JURISDICTION AND VENUE

3.      As to the allegations contained in the third sentence of Paragraph 3, Defendants admit that Plaintiffs transmitted a letter styled as a notice to the defendants by certified mail, and more than sixty days have passed since Defendants received the letter.  The remaining allegations contained in Paragraph 3 constitute legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations.

## PARTIES

4.      Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 4, and the allegations are therefore denied.

5.      Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 5, and the allegations are therefore denied.

6.      Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 6, and the allegations are therefore denied.

7.      Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 7, and the allegations are therefore denied.

8.      Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 8, and the allegations are therefore denied.

9.      Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 9, and the allegations are therefore denied.

10.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 10, and the allegations are therefore denied.

11.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 11, and the allegations are therefore denied.

12.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 12, and the allegations are therefore denied.

13.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 13, and the allegations are therefore denied.

14.     As to the allegations contained in the first sentence of Paragraph 14, Defendants admit that John M. McHugh is the Secretary of the Army.  As to the allegations contained in the fifth sentence of Paragraph 14, Defendants admit that Penny S. Pritzker is the Secretary of the Department of Commerce.  The remaining allegations contained in Paragraph 14 constitute legal conclusions and Plaintiffs' characterizations of their Complaint, to which no answer is necessary.

## STATUTORY AND REGULATORY BACKGROUND

15.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 15, and the allegations are therefore denied.

### Allegations Concerning Clean Water Act

16.     The allegations in Paragraph 16 refer to the contents of 33 U.S.C. § 1344, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

17.     The allegations in Paragraph 17 refer to the contents of 33 C.F.R. § 330.4(e), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

18.     The allegations in Paragraph 18 refer to the contents of 33 C.F.R. § 330.4(e) and 33 C.F.R. § 33.4(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

19.     The allegations in Paragraph 19 refer to the contents of 76 Fed. Reg. 9,174 (Feb. 25, 2011), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

20.     The allegations in Paragraph 20 refer to public notices published by the Portland District of USACE on February 25, 2011 and June 20, 2011, respectively, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

21.     The allegations in the first and second sentences of Paragraph 21 refer to a public notice dated March 4, 2011 (POA-2011-6), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied. Defendants deny the allegations in the third and fourth sentences of Paragraph 21.  The allegations in the fifth sentence of Paragraph 21 refer to correspondence from the City and Borough of Juneau, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  Defendants admit the allegations in the sixth sentences of Paragraph 21.

22.     The allegations in Paragraph 22 refer to a Federal Register notice, 77 Fed. Reg. 10,184 (Feb. 21, 2012), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

23.     The allegations in Paragraph 23 refer to a Memorandum For Record dated March 16, 2012, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

24.     The allegations in Paragraph 24 refer to a Memorandum For Commander dated March 19, 2012, and the accompanying Enclosure 1, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

**Allegations Concerning the 2009 NMFS Guidelines**

25.     The allegations in Paragraph 25 refer to the 2009 National Marine Fisheries Service guidelines entitled "The Use of Treated Wood Products in Aquatic Environments: Guidelines to West Coast NOAA Fisheries Staff for Endangered Species Act and Essential Fish Habitat Consultations in the Alaska, Northwest and Southwest Regions" ("NMFS Guidelines"), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

**Allegations Concerning SLOPES IV Procedures and Biological Opinion**

26.     The allegations in Paragraph 26 refer to 50 C.F.R. § 402.14(a), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

27.     The allegations in the first sentence of Paragraph 27 refer to 16 U.S.C. § 1536(b)(4), which speaks for itself and is the best evidence of its contents.  Any allegations

contrary to its plain language, meaning, and context are denied.  The allegations in the second

sentence of Paragraph 27 constitute legal conclusions, to which no answer is necessary.  To the

extent that an answer is necessary, Defendants deny the allegations as vague and ambiguous.

      28.     Defendants deny the allegations in the first sentence of Paragraph 28 and aver that

on March 21, 2000 Portland District of the Corps of Engineers ("COE") submitted a request to

the National Marine Fisheries Service ("NMFS") for formal consultation pursuant to Section 7

of the Endangered Species Act  ("ESA") for programmatic coverage for 15 categories of

activities requiring COE permits pursuant to the Clean Water Act.  Defendants deny the

allegations in the second sentence of Paragraph28.  The allegations in the third sentence of

Paragraph 28 constitute legal conclusions, to which no answer is necessary.  To the extent that

an answer is necessary, Defendants deny the allegations.  The allegations in the fourth and fifth

sentences of Paragraph 28 refer to the SLOPES biological opinions, which speak for themselves

and are the best evidence of their contents.  Any allegations contrary to their plain language,

meaning, and context are denied.

      29.     The allegations in the first sentence of Paragraph 29 refer to a Corps letter dated

November 2, 2011, which speaks for itself and is the best evidence of its contents.  Any

allegations contrary to its plain language, meaning, and context are denied.  The allegations in

the second sentence of Paragraph 29 refer to a NMFS biological opinion and letter of

concurrence dated April 5, 2012, which speak for themselves and are the best evidence of their

contents.  Any allegations contrary to their plain language, meaning, and context are denied.

      30.     Defendants deny the allegations in the first sentence of Paragraph 30.  The

allegations in the second and third sentences of Paragraph 30 purport to quote an unidentified

record document, which speaks for itself and is the best evidence of its contents.  Any

allegations contrary to its plain language, meaning, and context are denied.  The allegations in the fourth sentence of Paragraph 30 refer to Design Criteria 21 and 26, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  The allegations in the fifth sentence of Paragraph 30 refer to the SLOPES IV Biological Opinion, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied. The allegations in the sixth sentence of Paragraph 30 constitute legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations. Defendants deny the allegations in the seventh sentence of Paragraph 30.

31.     The allegations in Paragraph 31 refer to the SLOPES IV Biological Opinion, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

32.     Defendants deny the allegations in the first, and fourth sentences of Paragraph 32. The allegation in the second sentence of Paragraph 32 constitute legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations. Defendants deny the allegations in the second sentence of Paragraph 32.  Defendants lack sufficient knowledge to admit or deny the allegations contained in the third sentence of Paragraph 32, and the allegations are therefore denied.

33.     Defendants lack sufficient knowledge to admit or deny the allegations contained in the first, fourth, and fifth sentences of Paragraph 33, and the allegations are therefore denied. The allegations in the second, third, and sixth sentences of Paragraph 33 constitute legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations.

## Claims for Relief

## FIRST COUNT

(Claims Against Portland District Regional Condition 8
and Alaska District Regional Condition C)

## FIRST CLAIM
(Alleged Violation of 5 U.S.C. § 553(b) - Against USACE Defendants)

34. - 37. Plaintiffs' First Claim was dismissed pursuant to the Court's Memorandum

Opinion and Order filed July 7, 2014, ECF No. 29.  No response is necessary.

## SECOND CLAIM
(Alleged Violation of 5 U.S.C. § 553(c) - Against USACE Defendants)

38.- 42. Plaintiffs' Second Claim was dismissed pursuant to the Court's Memorandum

Opinion and Order filed July 7, 2014, ECF No. 29.  No response is necessary.

## THIRD CLAIM
(Alleged Violation of 5 U.S.C. § 553(d) - Against USACE Defendants)

43. - 45.  Plaintiffs' Third Claim was dismissed pursuant to the Court's Memorandum

Opinion and Order filed July 7, 2014, ECF No. 29.  No response is necessary.

## FOURTH CLAIM
(Alleged Violation of 33 C.F.R. § 330.5(c)(1)(I)

46. - 50.  Plaintiffs' Fourth Claim was dismissed pursuant to the Court's Memorandum

Opinion and Order filed July 7, 2014, ECF No. 29.  No response is necessary.

## FIFTH CLAIM
(Alleged Violation of Endangered Species Act, 16 U.S.C. § 1536(a)(2) -
Against USACE Defendants)

51.     Defendants incorporate by reference each and every response to the allegations

contained in Paragraphs numbered 1 through 50 above.

52.     The allegations in Paragraph 52 refer to the ESA, 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

53.     The allegations in Paragraph 53, refer to 50 C.F.R. § 402.14(a), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

54.     The allegations in the first and second sentences of Paragraph 54 constitute legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations.  Defendants deny the allegations in the third sentence of Paragraph 54.

55.     The allegations in Paragraph 55 constitute legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations.

**SIXTH CLAIM**
(Regulatory Flexibility Act, 5 U.S.C. §§ 601 et seq. - Against USACE Defendants)

56-59.  Plaintiffs' Sixth Claim was dismissed pursuant to the Court's Memorandum Opinion and Order filed July 7, 2014, ECF No. 29.  No response is necessary.

**SEVENTH CLAIM**
(Alleged Arbitrary and Capricious Agency Decisionmaking - Against USACE Defendants)

60-69.  Plaintiffs' Seventh Claim was dismissed pursuant to the Court's Memorandum Opinion and Order filed July 7, 2014, ECF No. 29.  No response is necessary.

**EIGHTH CLAIM**
(Alleged Arbitrary and Capricious Decisionmaking - Against USACE Defendants)

70-74.  Plaintiffs' Eighth Claim was dismissed pursuant to the Court's Memorandum Opinion and Order filed July 7, 2014, ECF No. 29.  No response is necessary.

## SECOND COUNT
(Claims Relating to SLOPES IV Procedures and SLOPES IV Biological Opinion)

## NINTH CLAIM
(Endangered Species Act, 16 U.S.C. § 1536(a)(2), and APA Rational Decisionmaking Requirements - Against USACE Defendants)

75.     Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 74 above.

76.     The allegations in the first sentence of Paragraph 76 refer to the ESA, 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations in the second, third, and fourth sentences refer to the NMFS Guidelines, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  The allegations in the fifth and sixth sentences of Paragraph 76 constitute legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations.

77.     The allegations in Paragraph 77 constitute legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

## TENTH CLAIM
(Endangered Species Act, 16 U.S.C. § 1536(a)(2) and APA Rational Decisionmaking Requirements - Against Commerce Defendants)

80.     Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 79 above.

81.     The allegations in the first sentence of Paragraph 81 refer to the ESA, 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its contents.  Any allegations

contrary to its plain language, meaning, and context are denied.  The allegations in the second, sixth, and seventh sentences of Paragraph 81 constitute legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations.  The allegations in the third, fourth, and fifth sentences of Paragraph 81 refer to the NMFS Guidelines, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

82.     The allegations in Paragraph 82 constitute legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations.

83.     The allegations in Paragraph 83 refer to NMFS Biological Opinion, which speaks for itself and is the best evidence of its contents, and constitute legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations.

84.     The allegations in Paragraph 84 refer to NMFS Biological Opinion, which speaks for itself and is the best evidence of its contents, and constitute legal conclusions, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

## ELEVENTH CLAIM
(Regulatory Flexibility Act, 5 U.S.C. § 6601 *et seq.* - Against USACE Defendants)

87 - 89.  Plaintiffs' Eleventh Claim was dismissed pursuant to the Court's Memorandum Opinion and Order filed July 7, 2014, ECF No. 29.  No response is necessary.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Prayer for Relief, to which no answer is necessary.  To the extent an answer is necessary, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations contained in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified.  To the extent that any allegation contained in Plaintiffs' Complaint remains unanswered, Defendants deny such allegations.

## AFFIRMATIVE DEFENSES

1.   Some or all of Plaintiffs lack standing to bring certain claims asserted in the Complaint.

2.   Plaintiffs have failed to state a claim upon which relief can be granted.

3.   The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.


Respectfully submitted,

SAM HIRSCH
Acting Assistant Attorney General
Environment & Natural Resources Division

DATED:  July 24, 2014       */s/ Mark Arthur Brown*
MARK ARTHUR BROWN
DC Bar # 470050
Senior Trial Attorney
Wildlife and Marine Resources Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044 7611
Telephone: (202) 305 0204
Facsimile: (202) 305 0275
Email:  mark.brown@usdoj.gov

Counsel for Defendants


Of Counsel:

Carl F. Olson
Assistant District Counsel
U.S. Army Corps of Engineers
Alaska District
P.O. Box 6898

JBER, AK 99506
(907) 753-2532
carl.f.olson@usace.army.mil

Edmund Berger
Assistant District Counsel
U.S. Army Corps of Engineers
Portland District
333 SW 1st
P.O. Box 2946
Portland, OR  97208
 (503) 808-4519
Edmund.H.Berger@usace.army.mil

Sally Brick
Deputy Section Chief, Northwest Section
Office of General Counsel
National Oceanic & Atmospheric Administration
7600 Sand Point Way NE
Seattle, WA 98115
(206) 526-4503
Sally.Brick@noaa.gov